### SHAFFER et al. v. OCEAN ACCIDENT & GUARANTEE CORP., Ltd.

No. 20563. Opinion Filed Nov. 24, 1931.

A. S. Wells, for plaintiffs in error.

McLaury & Hopps, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendant in error, the plaintiff in the trial court, against the plaintiffs in error, defendants in the trial court. Hereinafter the parties will be referred to as they appeared in the trial court.

The plaintiff commenced an action against the defendants to recover the amount of premiums alleged to be due on a workman's compensation insurance policy issued by the plaintiff for the defendants. The defendants answered with a general denial, and they filed a cross-petition in which they alleged a breach of the contract by the plaintiff, and that, by reason of the breach of the contract by the plaintiff, they had elected to rescind and had rescinded the contract of insurance. They prayed for a recovery of the amount of the payments made by them to the plaintiff. The plaintiff alleged compliance with the terms of its contract. At the close of the evidence and after the parties had rested, the defendants asked and were granted permission to amend their cross-petition praying judgment against the

plaintiff for an amount paid by the defendants for the hospital, funeral, and burial expenses of one Jenson.

At the conclusion of all of the evidence the court sustained the plaintiff's motion for a directed verdict and entered judgment in favor of the plaintiff for the amount prayed for. From that judgment an appeal was taken to this court.

The record shows no evidence of a rescission of the contract by the defendants. It shows the testimony of one of the defendants, as follows:

"Q. Now, Mr. Shaffer, counsel stated something in his pleadings here filed about your rescinding the contract. Did you ever during the period when this policy was in force attempt to cancel, or notify the company of the cancellation of your obligation under this policy in any way during that year? A. No, sir."

The record shows that the defendants recognized the correctness of the plaintiff's account, but that the defendants claimed that they were authorized to deduct therefrom the amount of expenses paid by them on account of the death of Jenson. They base their claim upon provisions in the insurance contract as follows:

"Does hereby agree with the employer, named and described as such in the declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows:

"One (a) To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due,

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes, as may be applicable thereto, cited and described in an indorsement attached to this policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse, or hospital services, medical, or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law. * * *"

Further provisions of the policy are as follows:

"One (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. * * *"

"G. No action shall lie against the Company to recover upon any claim or for any loss under paragraph one (b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this employer after trial of the issue or by agreement between the parties with the written consent of the company, nor in any event unless brought within two years thereafter."

"L. No condition or provision in this policy shall be waived or altered except. by indorsement hereon or attached hereto signed by the manager and attorney at the city of New York."

From that part of the policy designated "Oklahoma Workmen's Compensation Indorsement No. 1," we quote the following:

"The obligations of paragraph one (a) of the policy to which this indorsement is attached include such Workmen's Compensation Laws as are herein cited and described and none other:

"Chapter 56, Compiled Statutes of Oklahoma. 1921, as amended by chapter 61, Laws of 1923. and all laws supplementary thereto or amendatory thereof which may be or become effective while this policy is in force."

The provisions of the Workmen's Compensation Act of Oklahoma are not applicable in case the employee dies as a result of injury. Section 7338, C. O. S. 1921, provides:

"It is not intended that any of the provisions of this act shall apply in cases of accidents resulting in death and no right of action for recovery of damages for injuries resulting in death is intended to be denied or affected."

The provisions of paragraph 1 (b) of the policy show that it was specifically provided that the plaintiff would indemnify the employer against loss by reason of liability "imposed upon him by law" for damages on account of injury sustained by the employee. We notice again that in section "G" of the policy there is a further limitation of liability under section 1 (b) by providing that the company shall not be liable upon any claim for loss under section 1 (b), unless the amount of such claim shall have been fixed or rendered certain either by "final judgment against this employer after trial of the issue or by agreement between the parties with the written consent of the company." Under section "L" of the policy there is a provision that:

"No condition or provision in this policy shall be waived or altered except by in-

dorsement hereon or attached hereto signed by the manager and attorney at the city of New York."

The record fails to disclose a waiver of the conditions so provided.

The defendants contend that the superintendent of claims for the plaintiff in Oklahoma authorized the defendants to pay the Jenson claims and to deduct the amount from premiums earned under the policy. If such an agreement was made with that agent, it was in violation of the plain terms and conditions of the policy. There is nothing in this record to show that the terms and conditions of the policy were waived by any one with authority to waive the same.

In Deming Investment Co. v. Shawnee Ins. Co., 16 Okla. 1, 83 P. 918, this court held:

"An agent for a fire insurance company whose powers are strictly defined and limited by the express terms of the contract of insurance, cannot act so as to bind his company beyond the scope of his authority."

In the case of Liverpool, London & Globe Ins. Co. v. T. M. Richardson Lbr. Co., 11 Okla. 585, 69 P. 938, this court held:

"Where an insurance policy contains such a stipulation of warranty, and provides that no officer, agent, or other representative of the company shall have the power to waive any condition or provision of the policy, unless such waiver shall be written upon or attached thereto, such limited grant of authority is the measure of their power."

"Where such limitation is expressed in the policy, the assured is presumed to have notice and knowledge of such limitation, and is limited thereby."

No attempt was made by the defendants to show that the amount of the premiums claimed by the plaintiff was not the correct amount, and a verdict for no other amount could have been returned. No issue of fact was presented by the claim of the defendants that they were authorized to pay the Jenson claims and deduct the amount from the premiums due the plaintiff. That was an issue of law to be determined by the court. The plaintiff was not liable under its contract for the amount paid out by the defendants on the Jenson claim. The plaintiff was not liable by reason of the act of its agent, for there was no showing of any authority on the part of the agent to bind the plaintiff. Since there was no showing of liability on the part of the plaintiff on the Jenson claim, no evidence of rescission of the contract by the defendants, and no evidence of failure of the plaintiff to perform its contracts, and since the amount of the premiums was not disputed, there was nothing to submit to a jury.

"It is the duty of a trial court to direct a verdict for a party when the evidence is such that if a verdict were returned by the jury for the other party, the court under the law would be required to set the same aside." U. C. Guss v. Federal Trust Co., 19 Okla. 138, 91 P. 1045.

The trial court committed no error in sustaining the plaintiff's motion for a directed verdict and in rendering judgment for the plaintiff. The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (3) R. C. L. Perm. Supp. p. 5837; R. C. L. Pocket Part, title "Trial," '75.