UNITED STATES F. & G. CO. v. THOMPSON.

No. 30469. April 27, 1943.

*136 P. 2d 875.*

Williams & Williams, of Ardmore, for plaintiff in error.

J. W. Dixon, of Marietta, for defendant in error.

BAYLESS, J. J. B. Thompson instituted an action in a justice of the peace court in Love county against United States Fidelity Company, basing his cause of action for the recovery of money on the failure of the company to perform its obligations under a contract of automobile liability insurance. The company appealed to the district court from the judgment obtained, and on trial de novo Thompson again prevailed, and the company appeals to this court.

It is admitted that a policy of insurance covering an automobile owned by Thompson was issued by the company. It is further admitted that this automobile was involved in an accident and that Thompson paid $195 in settlement of the damages incurred, and that company declines to pay this money.

Thompson's 15-year-old son was driving the car at the time of the accident, and it is company's contention that he was driving this car in violation of the provisions of 47 O. S. 1941 §§ 274, 276, and 280, and that by the provisions of subdivision "B" of the exclusion portion of the contract the policy does not cover the automobile ". . . while the automobile is operated . . . by any person in violation of any state law . . ."

The evidence shows that this boy possessed a limited driver's certificate issued pursuant to section 280, supra, which entitled him to drive the automobile to and from home and school. It is admitted that the accident happened at a place several blocks removed from either home or school, that it happened at a time of day subsequent to the closing of the schools, and after the boy had eaten his evening meal, and, as testified by the father, the boy had permission to use the car ". . . anywhere in Marietta that night" until he got home. The facts clearly establish a set of circumstances not covered by the policy unless the other evidence of the plaintiff is sufficient to modify the provisions of the policy and bring about coverage despite the language above quoted.

Thompson undertook to show by witnesses that the State Highway Patrol, who issued the limited driver's license to the boy, told the boy the license authorized him to drive the car anywhere in Marietta at any time, and further undertook to show that it was customary for the other youth of Marietta who possessed such limited driver's licenses to so use them. The court rejected this testimony and this left only the testimony respecting what the agent for the company said to Thompson when the policy was issued. Thompson's testimony in this respect reads as follows:

"I told him my boy had been issued a special permit and I said under the terms of the policy I want to know if he will be permitted to drive the car and that I am covered and have protection under this policy, otherwise I don't want to drive for the reason I have to be protected, and he said I certainly would be. He said he had been issued the license and I told him I had been informed that it was all right for him to drive in the city limits."

The insurance contract contains this proviso:

"No notice to any agent, or knowledge possessed by any agent or by any other person shall be held to effect a waiver or change in any part of this policy nor estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by an executive officer of the Company."

There is nothing in the record to show that the terms and conditions of the policy were waived or changed by anyone in authority. Shaffer v. Ocean A. & G. Corporation, 153 Okla. 135, 5 P. 2d 363, and cases cited therein.

We are of the opinion the use being made of the automobile at the time of

the accident was in violation of the statutes, supra, and there was no coverage under the terms of the policy sued on.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

RILEY, OSBORN, WELCH, HURST, and DAVISON, JJ., concur. CORN, C. J., GIBSON, V. C. J., and ARNOLD, J., absent.