The TRAVELERS INSURANCE
COMPANY, a corporation,
Plaintiff-Appellee,

v.

Norma L. MORROW,
Defendant-Appellant.

No. 80-1990.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 27, 1981.

Decided April 3, 1981.

Rodney A. Edwards, of Jones, Givens, Gotcher, Doyle & Bogan, Inc., Tulsa, Okl., for plaintiff-appellee.

Thomas H. Trower, of Houston & Klein, Inc., Tulsa, Okl., for defendant-appellant.

Before PICKETT, McWILLIAMS and BARRETT, Circuit Judges.

. PICKETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

Travelers Insurance Company brought this action seeking a judgment declaring non-liability on a $75,000 airplane flight life insurance policy issued to Dale B. Morrow at the insurance counter located in the International Airport at Tulsa, Oklahoma. The defendant, Norma L. Morrow, wife of the insured, was named beneficiary in the policy. Morrow was killed shortly after take-off from an airport near Oklahoma City, Oklahoma, in a privately-owned aircraft destined for Honduras, Central America. The complaint alleged that coverage in the policy was limited to passengers on regularly-scheduled plane flights and did not provide coverage for passengers flying in private planes. It was further alleged that under the provisions of the policy the insuring agent did not have authority to change, waive or modify the policy provisions.

In her answer, Mrs. Morrow admitted the conditions under which the policy was issued and alleged that the insured had no knowledge of the policy provision denying the agent authority to change, waive or modify any of the policy provisions. It was further alleged that the agent for the insurance company, acting within her apparent authority, sold the policy to Morrow as one which would insure his life when flying on a private aircraft to Honduras. In a counterclaim for the proceeds of the policy, the circumstances surrounding the sale of the policy were set forth and it was alleged that the insurance company was estopped to deny liability thereon. The issue of apparent authority was submitted to a jury, which found for the insurance company. On appeal, the only issue relates to the court's instructions to the jury, and the refusal to give an instruction requested by the defendant.

There is no dispute as to essential facts. On January 4, 1979, Dale B. Morrow was contemplating a business trip to Honduras, Central America, with two business associates, one of whom was the pilot of a privately-owned plane in which they were to make the trip. Morrow was desirous of obtaining insurance upon his life during the trip. He approached the counter in the airport at Tulsa where flight insurance is sold. He described the trip to the attendant, Mrs. Terri Bennett, and advised her that it would be in a privately-owned plane. Mrs. Bennett selected Travelers Insurance Policy AT(5) from various policies available at the counter. At the Tulsa International Airport this policy is marketed through an independent company which has the insurance concession rights there. The local operation is through an arrangement with the independent company. Travelers has no control over the persons making sales from the booth. The printed AT(5) policy is complete, except for space to fill in the names and addresses of the insured and beneficiary, together with the amount of insurance, the name of the airline and flight number of the plane upon which the insured is to be a passenger. In the space where the flight number was to be recorded, the attendant wrote the words, "Private Air." Upon payment of $2.50, the policy was delivered to Morrow, who shortly thereafter gave it to his wife.

Policy AT(5) was the only Travelers insurance policy authorized for sale at the

counter, and the attendant had authority to sell it to the public. The provisions of the policy limited coverage of an insured to injuries sustained while traveling on "Aircraft Operated by a Scheduled Air Carrier," as defined in Section 5 of the policy. Section 5 defined "a Scheduled Air Carrier" as one that held a Certificate of Public Convenience and Necessity issued by the United States Civil Aeronautics Board. The policy also provided that no agent had authority to change or waive any of its provisions. No claim is made that Policy AT(5) covered private plane flights. The evidence discloses that Morrow was not advised of these provisions, and that he and the sales person assumed that the policy covered the Honduras trip.

The appellant, Norma Morrow, concedes that the AT(5) Travelers policy does not cover flights in private airplanes, and that the sales person at the Tulsa International Airport insurance booth did not have authority to change or modify the provisions of the AT(5) policy issued to Dale B. Morrow. The pretrial order stated:

> ... The parties will further stipulate and agree that the sales person on duty at the time of the sales transaction with Dale B. Morrow did not have actual authority by Travelers Insurance Company to bind the plaintiff on a policy of insurance for a person traveling on other than a scheduled airline....

It is urged, however, that the representative at the Tulsa airport had authority from Travelers Insurance Company to sell policies of insurance to passengers traveling on regularly scheduled air flights, but that the attendant, by mistake, sold such a policy to Morrow, representing that it was for a private air flight, and that Travelers is estopped to deny liability. The trial court rejected this argument, but was of the opinion that the evidence was sufficient to present a jury question of whether the sales person making the sale had apparent authority to sell a Travelers policy covering a private flight. To present her position, Mrs. Morrow requested the following instruction:

> You are instructed that if you find Terri Bennett was authorized by the Travelers Insurance Company to sell policies of airline trip insurance to members of the public such as Dale Morrow, and that in selling the policy involved herein to Dale Morrow, Terri Bennett, through mistake, or otherwise, failed to bring to the attention of Dale Morrow that the policy contained the limitation that he would only be covered by the policy while he was traveling as a passenger on a plane operated by a Scheduled Air Carrier, then your verdict should be for the defendant, Norma L. Morrow, unless you also find that Dale Morrow had knowledge of such limitation of the policy, or was guilty of having failed to exercise ordinary care in not learning of such limitation.

On the issue of apparent authority, the court instructed the jury as follows:

> ... You are instructed that in order to establish that the salesperson at the insurance booth had the apparent authority to modify the insurance contract sold to Dale B. Morrow, the burden is upon the defendant, Norma L. Morrow, to establish by a preponderance of the evidence 1) that the plaintiff, Travelers Insurance Company, consented to the exercise of such authority or knowingly permitted that person to exercise such authority and 2) that Dale B. Morrow had reason to believe and actually did believe that the person at the insurance booth had such authority, and 3) that Dale B. Morrow acted upon such appearance of authority in purchasing the policy of the insurance in question and that such action was to his detriment. You are further instructed that the actions of the person at the insurance booth cannot be the basis for finding that apparent authority existed unless it is also shown by a preponderance of the evidence that the principal had knowledge of the person's conduct and acquiesced to it....

The record does not disclose an exception to this instruction. The issue is narrowed to that of whether there was prejudicial

error in the refusal to give the requested instruction.

■ In the field of insurance, the contract between the insurance company and the insured is known as an insurance policy. Policies are generally prepared by insurance companies and ambiguities or uncertainties are strictly construed against the company. This rule is particularly applicable to air-flight policies acquired at airports because of the conditions under which they are sold. *Daburlos v. Commercial Insurance Co. of Newark, N.J.*, 521 F.2d 18 (3d Cir. 1975); *Mutual of Omaha Insurance Company v. Russell*, 402 F.2d 339 (10th Cir. 1968), cert. denied, 394 U.S. 973, 89 S.Ct. 1456, 22 L.Ed.2d 753 (1969); *Fidelity & Casualty Co. of New York v. Smith*, 189 F.2d 315 (10th Cir. 1951). Generally, however, parties are bound by the policy provisions under the law of contracts. The failure of an insured to read the policy does not relieve him from its provisions. This court has had occasion to discuss applicable general principles of insurance law. In *Dalton v. LeBlanc*, 350 F.2d 95, 97 (10th Cir. 1965), the court said:

> ... It is also fundamental that an insured is chargeable with knowledge of the terms of his insurance policy, and has the duty to read and know the contents thereof, and is bound by the legal effect of its terms and provisions. *Badgett v. Oklahoma Life Insurance Co.*, 176 Okl. 86, 54 P.2d 1059.

Speaking of the effect of insurance policy provisions, in *Federated Mutual Implement Hardware Insurance Company v. Fairfax Equipment Company*, 261 F.2d 207, 209–210 (10th Cir. 1958), the court stated:

> The settled law of Oklahoma is that an insurance policy, if its terms are free from doubt or ambiguity, must be permitted to speak for itself. It cannot be altered or contradicted by parol evidence. *National Fire Ins. Co. of Hartford v. McCoy*, 205 Okl. 511, 239 P.2d 428; *Travelers Indemnity Co. v. Collier*, 205 Okl. 247, 237 P.2d 153. It has also been held that it is reasonable and competent for an insurance company to include in a policy a clause, such as Section 17, limiting the

agent's authority to alter the policy, and that the insured is bound by it. *United States Fidelity & Guaranty Co. v. Thompson*, 192 Okl. 364, 136 P.2d 875; *Shaffer v. Ocean Accident & Guarantee Corp. Ltd.*, 153 Okl. 135, 5 P.2d 363; *Liverpool & L. & G. Ins. Co. v. T. M. Richardson Lumber Co.*, 11 Okl. 585, 69 P. 938. ...

In *Mutual of Omaha Insurance Company v. Russell, supra*, the court considered the provisions of a flight policy sold at an airport insurance booth. A passenger was desirous of acquiring coverage for a round trip which was expected to be completed within four days. The policy designed to cover this situation was sold and delivered to the passenger, who was unable to make the return trip within the four-day period. Injuries occurred on the return flight, which was after the four-day period. When the policy was sold, other policies were available which would have permitted coverage on the return trip if made within twelve months. Prior to the purchase of the policy, the attendant made no explanation of the availability of other types of coverage. In denying liability, this court stated:

> ... Even in situations where obvious mistakes have been made, courts will not rewrite the contract between the parties, but will only enforce the legal obligations of the parties according to their original agreement. ... [402 F.2d at 344]

Although it is urged that they are not applicable to this case, these decisions illustrate that in Oklahoma, and elsewhere, the legal liability of an insurance company is generally limited to policy provisions.

It is undisputed that the only actual authority of the agent by Travelers Insurance Company was to sell policies limited to regularly scheduled commercial flights. There is no ambiguity in the provisions of the AT(5) policy. This leaves only the issue of whether the agent had apparent authority to sell a policy of its principal covering flights in private airplanes.

■ To establish that an agent had apparent authority to bind its principal it

must be shown that the principal knowingly permitted the agent to exercise the authority in question, or in some manner manifested its consent that such authority be exercised. 3 Am.Jur.2d *Agency* § 75; 43 Am. Jur.2d *Insurance* § 156; *Master Commodities, Inc. v. Texas Cattle Management*, 586 F.2d 1352 (10th Cir. 1978); *McNutt Oil & Refining Co. v. Mimbres Valley Bank*, 174 F.2d 311 (10th Cir. 1949); *Institute For Business Plan v. Standard Life & Acc. Ins. Co.*, 242 F.Supp. 100 (W.D.Okl.1965).

 The evidence is without conflict that the only policy of Travelers Insurance Company which operators of the booth at the Tulsa International Airport were authorized to sell was the AT(5) policy. There is a total lack of evidence that the agency offered a policy of Travelers Insurance Company insuring passengers on private airplane flights. Out of precaution, the court submitted the apparent authority issue to the jury. The instruction was adequate to present the issue disclosed by the facts of the case and was not prejudicial to the appellant. The insured's theory of estoppel would permit recovery for a risk that was not within the coverage of a policy which had been sold by an agent who did not have authority to bind the insurance company for such risk. No authority is cited to support the theory, and we have found none.

AFFIRMED.